Daniel T. Huang (CSB No. 185948)
Attorney for Plaintiffs
Law Office of Daniel Huang
506 N. Garfield Ave., Ste. 100
Alhambra, CA 91801
Tel: (626) 289-0006
Fax: (626) 289-0005
Lawyer99@pacbell.net

Attorney for Plaintiffs
Zhong Zhang
Jie Ma

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ZHONG ZHANG, individually, <br><br> JIE MA, individually, <br><br> Plaintiffs, <br><br> v. <br><br> EMILIO T. GONZALEZ, Director of the U.S. Citizenship and Immigration Services, <br><br> ALBERTO R. GONZALES, as Attorney General of the United States, <br><br> MICHAEL CHERTOFF, in his official capacity, Secretary, United States Department of Homeland Security, <br><br> Defendants. | Case No.: 07-02754 JF <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT** <br><br> Hon. JEREMY FOGEL, U.S. District Judge |

TO DEFENDANTS AND THEIR ATTORNEY OF RECORD:

Pursuant to the Court's order on September 7, 2007, Plaintiffs Zhong Zhang and Jie Ma hereby do move this Court for summary judgment on their complaint for writ of mandamus. Plaintiffs assert that there is no genuine issue of material fact in dispute and that they are entitled to judgment as a matter of law.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action.

Dated: September 28, 2007

/s/ Daniel T. Huang<br>
Daniel T. Huang<br>
Attorney for Plaintiffs

# I.

# INTRODUCTION

Pursuant to Fed. R. Civ. P. 56(c), Plaintiffs Zhong Zhang (" Ms. Zhang") and Jie Ma ("Mr. Ma") filed their Points and Authority in Support of their Motion for Summary Judgment.  Plaintiffs filed a complaint for writ of mandamus under the administrative procedures act ("APA") because Defendants have failed to adjudicate their application for adjustment of status (Form I-485) within a "reasonable time." 5 U.S.C. § 555(b).  On April 12, 2005, Plaintiffs applied for adjustment of status based on an approved employment based petition filed by LSI Corporation on behalf of Ms. Zhang in her capacity as a Design Engineer under 8 U.S.C. § 203(b)(3) with a priority date of May 17, 1999.[1]  Plaintiffs' applications have now been pending for nearly two and half years as a result of an incomplete FBI name check.

Summary judgment should be granted because there is no dispute as to the length of time that Plaintiff's applications have been pending, and because Defendants owe a statutory and regulatory duty to adjudicate Plaintiffs' applications. Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1997); Azurin v. Von Raab, 803 F.2d 993, 995 (9th Cir.1986). As such, Plaintiffs' applications must be adjudicated within a "reasonable time." 5 U.S.C. § 555(b).  Two and half years is beyond any "reasonable time" period complete an adjustment application. As such, Plaintiffs request that the Court grant their Motion for Summary Judgment and order that Defendants complete the required FBI name check and adjudicate their applications within thirty (30) days of the Court's order.

---

[1] Complaint ("Compl.") at p. 5, ¶12.

## II.

## STATEMENT OF UNDISPUTED FACTS

Zhong Zhang and Jie Ma are citizens of China who applied for adjustment of status on April 12, 2005.[2] For nearly two and half years, Plaintiffs' I-485 adjustment applications have been delayed due to an incomplete background security check.[3]

Lead Plaintiff Zhong Zhang has lived in the United States since 1999. She was first admitted as a student to attend the State University of New York at Stony Brook. After Mrs. Zhang's graduation, she was hired by LSI Corporation, a leading systems technology based in Milpitas, California, in the capacity of a Design Engineer.

Mrs. Zhang urgently needs to have her adjustment of status completed because she frequently visits her parents in China, both of whom are seriously ill. Mrs. Zhang's father, 72 year old Cheng Yi Zhang, is suffering from severe diabetes and requires dialysis three times a week.[4] Given the fact that her father is relying on the dialysis regimen for survival, Mrs. Zhang hopes to spend as much time with him as possible. Her mother, 71 year old Feng Xing Wang, underwent open heart surgery two years ago and continues to receive treatment for her heart disease. During the pendency of the adjustment process, Mrs. Zhang must travel with a temporary advance parole document that must be renewed on an annual basis. Each time, Mrs. Zhang has to wait between three to four months for the travel permission to be approved by CIS. This situation has worked to greatly inconvenience Mrs. Zhang because she is restricted from traveling overseas while her application for advance parole is pending with CIS.

---

[2] Compl. Exh. B, pp. 15-16.
[3] Compl. Exh. D, pp. 18-19.
[4] Exh. B, hospital records of Cheng Yi Zhang, attached, pp. 15-18.

Furthermore, Plaintiffs hope that someday they can petition their parents to come live with them in the United States. Specifically, Zhong Zhang believes her parents will receive better medical treatment in the United States. However, unless Plaintiffs first become lawful permanent residents, they will never become U.S. citizens and let alone have the opportunity to petition for their parents to join them in America.[5]

Over the past two years, Plaintiffs have desperately sought help from various sources, including the U.S. Citizenship and Immigration Services ("CIS"), FBI, Congress member Mike Honda, and Senator Barbara Boxer, hoping to bring closure to their adjustment process.[6] Although Michael Cannon, Section Chief of the FBI National Name Check Program, assured Plaintiffs in a letter dated May 22, 2007 that the results of their background check will be made to CIS "as quickly as possible," after more than two years of waiting, Plaintiffs no longer believe that the agency will complete their security check within a reasonable time frame.[7]

On May 25, 2007, Plaintiffs filed this action seeking an order directing CIS to adjudicate both applications for permanent residency on the ground that the government is unreasonably withholding the adjudication of their application in violation of law.

///

///

///

///

---

[5] Mrs. Zhang must become a U.S. Citizen in order to file an immigrant petition for her parents.
[6] Exhibit ("Exh.") A, attached at p. 14, letter from Michael Cannon dated May 22, 2007; See also Compl. Exh. F, pp. 21-22.
[7] Exh A, Id.

### III.

### ARGUMENT

Summary judgment is proper when the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party for summary judgment bears the burden of identifying those portions of the pleadings, discovery and affidavits that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986).

Plaintiffs move that this Court grant summary judgment in their favor because Defendants have a statutory duty to adjudicate their pending applications for adjustment of status, and they have failed to act on that duty in a reasonable time.

**A. MANDAMUS IS APPROPRIATE BECAUSE DEFENDANT HAVE A NON DISCRETIONARY DUTY TO ACT**

The Mandamus Act provides that, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is a remedy available to compel a federal official to perform a duty if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available. Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1997); Azurin v. Von Raab, 803 F.2d 993, 995 (9th Cir. 1986). Plaintiffs meet the above test as their claim is clear and certain, Defendants have a

duty to adjudicate their applications for adjustment of status; and no other adequate remedy is available.

Defendant' duty to act on Plaintiffs' employment-based adjustment applications is clear. The Immigration and Nationality Act provides the Defendants with clear guidelines upon which to act in the approval and disapproval of an application for adjustment of status. 8 U.S.C. § 1153(b); 8 C.F.R. § 204.5; 8 U.S.C. § 1255(a); 8 C.F.R. § 245.2(a)(5). As 8 C.F.R. § 245.2(a)(5) sets out, the Defendants have a mandatory duty to adjudicate Plaintiffs' adjustment application, and the agency is required to notify the applicant if the case is denied or approved, and make a record of the applicant's permanent resident status. Clearly, the language of section 245.2(a)(5) does not say the agency has an absolute discretion not to act, that is, not to grant or deny lawful permanent resident status even when the evidence before them clearly shows that the applicants are eligible for the immigration benefit sought.

Moreover, the language of 8 U.S.C. § 1571(b) clearly states that Congress anticipates 180 days as a reasonable period for adjudication of applications for immigration benefit.[8] This is consistent with the language of § 1154(j), which defines an employment based I-485 adjustment applications that have been pending for over 180 days as "long delayed."[9] Here, Plaintiffs' adjustment applications have been pending for nearly two and half years, or almost five times the adjudication period anticipated by Congress in §§ 1154(j) and 1571(b). Therefore, Defendants' delay in this case is clearly substantial and unreasonable.

---

[8] 8 U.S.C. § 1571(b).
[9] 8 U.S.C. § 1154 (j).

The Supreme Court has made clear that the use of the term "shall" constitutes a mandatory duty upon the subject of the command. <u>Forest Guardians v. Babbitt</u>, 164 F.3d 1261, 1268 -1269 (10th Cir. 1998) citing <u>United States v. Monsanto</u>, 491 U.S. 600, 607, 109 S.Ct. 2657 (1989) (by using "shall" in civil forfeiture statute, "Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied"); <u>Pierce v. Underwood</u>, 487 U.S. 552, 569-70 (1988) (Congress' use of "shall" in a housing subsidy statute constitutes "mandatory language").  See also <u>Patel v. Reno</u>, 134 F.3d 929, 933 (9th Cir. 1997) (agency has a duty to act on pending visa petition based on the requirements of the Immigration and Nationality Act and its implementing regulations); <u>Aboushaban v. Mueller</u> 2006 WL 3041086, *1-2 (N.D.Cal. 2006) (agency had a duty to adjudicate application for adjustment of status); <u>Yu v. Brown</u>, 36 F.Supp.2d 922, 931-32 (D.N.M. 1999) (holding that the INS owed plaintiff a duty to process her application for a change of her status to permanent resident).

In a number of decisions, this Honorable Court has found that the CIS has a nondiscretionary duty to investigate and process applications for adjustment of status. <u>Huang v. Chertoff</u>, 2007 WL 1831105, *2 (N.D.Cal., Jun 25, 2007); <u>Tang v. Chertoff</u>, 2007 WL 1650938, *2 (N.D.Cal., Jun 05, 2007); <u>Bo Tang v. Chertoff</u>, 2007 WL 1650945, *2 (N.D.Cal., Jun 05, 2007).  Furthermore, the Federal Defendants have already conceded in at least two similar actions in our district that while its duty to grant an adjusted status is discretionary, its duty to process I-485 applications under § 1255 is nondiscretionary.  <u>Singh v. Still</u>, 470 F.Supp. 2d. 1064, 2006 WL 3898174, *2(N.D. Cal 2006); <u>Gelfer v. Chertoff</u>, 2007 WL 902382, at *2 (N.D. Cal.

2007). Accordingly, the Defendants have a non-discretionary duty to adjudicate Plaintiffs' applications within a reasonable time.

### B. PLAINTIFF'S APPLICATIONS HAVE BEEN DELAYED FOR AN UNREASONABLE AMOUNT OF TIME

The Administrative Procedure Act provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it ...." 5 U.S.C. § 555(b). In addition, the Administrative Procedures Act ("APA") further provides that the federal courts "shall ... compel agency action unlawfully withheld or unreasonably delayed ...." 5 U.S.C. § 706(1). As the Tenth Circuit pointed out, the APA prohibits both agency action unlawfully withheld and agency action unreasonably delayed. Forest Guardians v. Babbitt, 164 F.3d 1261, 1269 (10th Cir.1998). Thus, the APA gives rise to a legally enforceable right to the completion of administrative agency action within a reasonable time, not merely a right to have the agency take some action at all." Id.; Deering Milliken, Inc. v. Johnston, 295 F.2d 856, 861 (4th Cir.1961). Although the Immigration and Nationality Act provides no discrete time period in which the agency must act, courts have concluded that the APA imposes a "reasonable time" constraint in such cases. See e.g. Yu v. Brown, supra, at 928-32, (applying the APA's reasonable requirement to similar regulatory provisions); Kim v. Ashcroft, 340 F. Supp 2d 384, 391-92 (S.D.N.Y.2004)(same). Relief under mandamus and the APA are virtually equivalent when a petitioner seeks to compel an agency to act on a nondiscretionary duty. See Gelfer, supra, at *3, citing Independence Mining Co. v. Babbitt, 105 F.3d 502, 507 (9th Cir.1997).

In the instant case, Plaintiffs have been harmed by the delay in that Mrs. Zhang is from time to time restricted from visiting her parents in China. Furthermore, Plaintiffs will never be able petition for their parents and other family members unless they first obtain a decision on their adjustment application.

The delay in the adjudication of Plaintiffs' case is unreasonable because it far exceeds the 180 day standard for a "long delayed" application under 8 U.S.C. § 1154(j). Plaintiffs have made numerous inquiries and exhausted all administrative remedies available to them as set forth in the Complaint and the exhibits thereto.[10] Courts have afforded relief in similar cases. e.g. Gelfer, supra, at *2, (court does not find that more than two years of delay is reasonable as a matter of law.); Baker, supra, at *2, (court does not find defendants' nearly two-year delay in the adjudication of plaintiff's application reasonable as a matter of law); Razik v. Perryman, 2003 WL 21878726, at *2-3, (N.D. Ill. 2003)(denying respondents' motion to dismiss the petitioners' case; noting that applications had "languished for two years and yet the INS has done nothing"); Galvez v. Howerton, 503 F.Supp. 35, 39 (C.D.Cal.1980) (holding a six-month delay unreasonable); Paunescu v. INS, 76 F.Supp.2d 896, 901-02 (N.D.Ill. ,1999) (holding a ten-month delay unreasonable); Yu, supra, at 932 (holding a two-and-a-half year delay unreasonable); Agbemaple v. INS, 1998 WL292441, at *2 (N.D.Ill. , 1998) (finding dismissal inappropriate because a 20- month delay could be found to be unreasonable and holding as a matter of law that plaintiff "is entitled to a decision within a reasonable time, and that it is within the power of the court to order such an adjudication").

---

[10] Compl. at Exh. D-G, pp. 18-23.

Taken together, the APA, the INA, and section 245.2(a)(5) of the CFR establish that Plaintiffs have a clear and certain right to have their immigration status adjustment applications adjudicated, and to have them adjudicated within a reasonable time frame. Wu v. Chertoff, 2007 WL 1223858 at *3 (N.D. Cal. 2007). By delaying their application for nearly two and half years, Defendants have violated their nondiscretionary duty to adjudicate Plaintiffs' case.

**C. THE PROPER REMEDY IS FOR THE COURT TO ORDER DEFENDANTS TO COMPLETE PLAINTIFFS' FBI NAME CHECK AND ADJUSTMENT APPLICATIONS**

Until now Defendants never gave Plaintiffs any specific explanation as to why their FBI name check could not be completed. After the commencement of this action, Plaintiffs have waited patiently for a decision on their application. To their chagrin, Defendants have continued to delay the adjustment applications to their detriment. Plaintiffs simply seek the adjudication of their adjustment applications, and this Court has mandamus jurisdiction. Awaiting a decision by CIS is not an adequate remedy in cases where CIS has delayed the adjudication of the application for an unreasonable amount of time. Haidari v. Frazier, 2006 WL 3544922 at *5 (D.Minn. 2006). "[T]he [US]CIS simply does not possess unfettered discretion to relegate aliens to a state of 'limbo,' leaving them to languish there indefinitely. This result is explicitly foreclosed by the APA ." Kim, supra, at 393.

A CIS publication dated April 27, 2006 (hereafter "CIS documents") revealed that the CIS Ombudsman Prakash Khatri found the agency "cannot eliminate slow and backlogged

processing because CIS has become dependent on backlogs and slow processing to generate revenue to keep operating."[11]  The CIS document further stated in pertinent part:

> "USCIS could be motivated to purposely increase case processing times for certain workloads in order to force applicants and petitioners to file applications for interim benefits solely to enhance revenues. Given the fact that Congress has given USCIS the statutory authority to recover the full costs of its operations through fees, USCIS has no incentive to continue to rely on interim benefit revenues.[12]

In deed, given the fact that Defendants have sat on Plaintiffs' case for more than two years, they have unreasonably mishandled Plaintiffs' case in violation of the APA.  By refusing to complete Plaintiffs applications within any time frame, Defendants are essentially asserting that they have discretion to sit on an immigrant application for an infinite amount of time.  This is the result specifically foreclosed by the APA.  Without the intervention of this Court, Plaintiffs' have no adequate remedy which is the reason they seek an Order from this Court compelling the immediate adjudication of their applications.

### IV.

### CONCLUSION

Defendants owe an affirmative duty to adjudicate Plaintiffs' applications for adjustment of status and to do so within a reasonable period of time.  Defendants have clearly violated this duty.  As Plaintiffs' applications have been pending unadjudicated for nearly two and half years, the Court should conclude that summary judgment in favor of Plaintiffs is warranted and order that Defendant adjudicate their

---

[11] USCIS Third Response to Ombudsman's Recommendation #4, April 27,2006, article posted online by USCIS at:
http://www.dhs.gov/xlibrary/assets/CISOmbudsman_RR_2_Streamlining_Employment_Based_Immigrant_Processing_USCIS_Response_04-27-06.pdf
[12] Id.

applications within 30 days of this Court's order granting their motion for summary judgment.

Although Plaintiffs believe there is no basis for denial of their applications, the Court should order that, if Defendant denies one of the applications, it must adjudicate the remaining application within 30 days of such denial.

Dated: September 28, 2007

                                    Respectfully submitted,

                                    /s/ Daniel T. Huang
                                  DANIEL T. HUANG
                                  Attorney for Zhong Zhang and Jie Ma