Daniel T. Huang, ESQ. (CSB No. 185948)
Attorney for Plaintiffs
Law Office of Daniel Huang
506 N. Garfield Ave., Ste. 100
Alhambra, CA 91801
Tel: (626) 289-0006
Fax: (626) 289-0005
Lawyer99@pacbell.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ZHONG ZHANG, individually,<br><br>JIE MA, individually,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>EMILIO T. GONZALEZ, Director of the U.S. Citizenship and Immigration Services,<br><br>ALBERTO R. GONZALES, as Attorney General of the United States,<br><br>MICHAEL CHERTOFF, in his official capacity, Secretary, United States Department of Homeland Security,<br><br>　　　　Defendants. | Case No.: 07-02754 JF<br><br>[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

Plaintiffs Zhong Zhang and Jie Ma are natives of the People's Republic of China who submitted I-485 applications to the United States Citizenship and Immigration Service ("USCIS") on April 12, 2005, seeking to adjust their immigration status to that of lawful

permanent residents. Their applications remain unadjudicated for more than two years. Plaintiffs assert that they have made numerous inquiries with the USCIS and FBI regarding their applications. On May 25, 2007, Plaintiffs filed a petition for writ of mandamus based on Defendants' delay in adjudicating their applications for adjustment of status. On September 28, 2007, Plaintiffs moved for summary judgment under Federal Rules of Civil Procedure 56(c). Plaintiffs argue that by failing to act on their application for Defendants have violated their non-discretionary duty to adjudicate Plaintiffs' application within a reasonable timeframe.

Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available. Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1997); Azurin v. Von Raab, 803 F.2d 993, 995 (9th Cir.1986). The Court finds that both the Immigration and Nationality Act, and its implementing regulations, create a mandatory and non-discretionary duty that Defendants adjudicate the pending applications for adjustment of status to that of a lawful permanent resident. See 8 U.S.C. § 1255(a); 8 C.F.R. § 245(a)(5). The Court further finds that the Administrative Procedures Act ("APA") requires that such applications be adjudicated within a "reasonable time." 5 U.S.C. § 555(b). The Court finds that more than two and half years of delay in adjudicating Plaintiff's applications is unreasonable. See e.g. Yu v. Brown, 36 F.Supp.2d 922, 928-32 (D.N.M.1999), (applying the APA's reasonable requirement to similar regulatory provisions); Kim v. Ashcroft, 340 F. Supp 2d 384, 391-92 (S.D.N.Y.2004)(same).

After considering the motion for summary judgment, the parties' responses, arguments of counsel and all other matters presented to the Court, IT IS HEREBY ORDERED THAT Plaintiffs' motion for summary judgment be and hereby is GRANTED. The Court orders that

both of Plaintiff's applications for adjustment of status be adjudicated within thirty (30) days of this order. If Defendants deny one of the applications they must adjudicate the remaining application within thirty (30) days of such denial.

Dated: _____

                                                  JEREMY FOGEL
                                                  United States District Judge