SCOTT N. SCHOOLS, SC SBN 9990
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
ILA C. DEISS, NY SBN 3052909
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7124
   FAX: (415) 436-7169

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZHONG ZHANG, <br> JIE MA, <br><br>            Plaintiffs, <br><br>            v. <br><br> EMILIO T. GONZALEZ, Director of the U.S. Citizenship and Immigration Services; <br> ALBERTO R. GONZALES, as Attorney General of the United States; <br> MICHAEL CHERTOFF, in his Official Capacity, Secretary, United States Department of Homeland Security, <br><br>            Defendants. | No. C 07-2754 JF <br><br> DEFENDANTS' CROSS-OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

    Plaintiffs Zhong Zhang and Jie Ma ask this Court to issue a writ of mandamus, compelling Defendants to make a determination on their applications for adjustment of status. They also ask the Court to find that Defendants have violated the Administrative Procedure Act ("APA"), and to grant relief under the Declaratory Judgment Act. Plaintiffs' claims must fail. Plaintiffs' applications remain pending because lead Plaintiff Zhang's name check is not yet complete. The facts are undisputed, and Defendants are entitled to judgment as a matter of law. Accordingly, Defendants respectfully oppose Plaintiffs' motion for summary judgment ask this Court to grant their motion for summary judgment.

Defendants' Cross-Opposition to Plaintiff's Motion for Summary Judgment
C07-2754 JF                                                       1

1  Plaintiffs have not addressed Defendants' argument that the agency's delay is reasonable
2 because there is no firm deadline and Plaintiff Zhang's name check is pending with the Federal
3 Bureau of Investigation and Defendants have shown that they are doing everything to quicken the
4 process.  *Brower v. Evans*, 257 F.3d 1058, 1068 (9th Cir. 2001) (applying *Telecomm. Research*
5 *and Action Ctr. v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("TRAC")).  Plaintiff Ma's name check
6 was completed, but she is a derivative applicant and her application cannot be adjudicated until her
7 husband's is.

8  Plaintiffs do argue that while the Immigration and Nationality Act contains no timetable for
9 adjudication of applications for adjustment of status, Congress sets a normative expectation and
10 standard in "The Immigration Services and Infrastructure Improvements Act of 2000" of a
11 reasonable processing time for an immigrant benefit application as no more than 180 days after
12 initial application.  *See* 8 USC § 1571.  Firstly, this provision was passed prior to 9/11.  Secondly,
13 this provision is entitled to little weight as it is precatory and does not give Plaintiffs a right to
14 adjudication of their applications in a particular time frame.  *Cf. Chong Yia Yang v. Cal. Dep't*
15 *Social Svcs.*, 183 F.3d 953 (9th Cir. 1999).

16  Again, a review of the six *TRAC* factors laid out in Defendants' motion for summary judgment
17 show that Defendants' have not unreasonably delayed actions pertaining to Plaintiffs' adjustment
18 of status applications.  Additionally, Plaintiffs have failed to establish that mandamus is
19 appropriate.  For the foregoing reasons, the Government respectfully asks that the Court grant
20 Defendants' motion for summary judgment as a matter of law and dismiss the action.

21 Dated: October 26, 2007                    Respectfully submitted,

22                                            SCOTT N. SCHOOLS
                                             United States Attorney
23

24                                            _____/s/_____
                                             ILA C. DEISS
25                                            Assistant United States Attorney
                                             Attorney for Defendants
26

27

28